IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 1:19-CV-2193 |
| Plaintiff : | | |
| | : | Judge Conner |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | Electronically Filed Document |
| PENNSYLVANIA, *et al.,* | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

While the Plaintiff, an employee of the Commonwealth of Pennsylvania and more specifically, the Department of Human Services ("the Department"), purports to bring claims against his employers for violations of his rights, his claims fail as a matter of law, because he cannot hold the Commonwealth and the Department responsible for the actions undertaken by others, such as the Commonwealth's insurance carrier. Additionally, his remaining claims are barred by sovereign immunity. Thus, the Amended Complaint should be dismissed against the Commonwealth and the Department, with prejudice.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff, who was born biologically female, identifies as male. Doc. 25 (Amended Complaint), ¶ 46. While the Commonwealth provides health insurance to its employees (*id.* at ¶ 53), the Pennsylvania Employees' Benefit Trust Fund

("PEBTF") "determines the employer-sponsored health plan." *Id.* at ¶ 4. Put another way, it is the PEBTF and its Board of Trustees that "ha[s] the authority to determine the availability, nature, and extent of benefits under the Plan, *including exclusions from coverage.*" *Id.* at ¶ 53 (emphasis added). The PEBTF specifically excluded gender (or sex) affirming surgery from coverage under the PEBTF insurance plans until January 1, 2018. *Id.* at ¶ 57. In 2016 and 2017, the Plaintiff attempted to receive treatment for gender dysphoria, but was unable to, due to his insurance plan not covering that treatment. *Id.* at ¶¶ 78-111.

On December 23, 2019, the Plaintiff filed his initial complaint. Doc. 1. He filed his Amended Complaint on July 13, 2020. Against the Commonwealth and the Department, he brings claims under Title VII (Count I), the Americans with Disabilities Act (Count II), the Pennsylvania Human Relations Act (Counts III and V), the Rehabilitation Act (Count VII), the Affordable Care Act (Counts VIII and IX), the Equal Rights Amendment to the Pennsylvania Constitution (Count XIII), and the Equal Protection Clause of the Pennsylvania Constitution (Count XIV). The Commonwealth and the Department have filed a Motion to Dismiss the Amended Complaint, which this brief supports.

## QUESTIONS PRESENTED

1. DO THE PLAINTIFF'S CLAIMS UNDER TITLE VII, THE ADA, THE REHAB ACT, AND THE AFFORDABLE CARE ACT AGAINST THE COMMONWEALTH AND THE DEPARTMENT FAIL, AS THEY WERE NOT RESPONSIBLE FOR THE DISCRIMINATORY ACTS AT ISSUE?

   *Suggested Answer in the Affirmative.*

2. ARE THE PLAINTIFF'S REMAINING CLAIMS UNDER THE PHRA AND THE PENNSYLVANIA CONSTITUTION BARRED BY SOVEREIGN IMMUNITY?

   *Suggested Answer in the Affirmative.*

## ARGUMENT

I. BECAUSE THE COMMONWEALTH AND THE DEPARTMENT DID NOT MAKE THE DISCRIMINATORY DECISIONS AT ISSUE IN THE AMENDED COMPLAINT, THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM.

Although the Commonwealth, and more specifically, the Department are the employers of the Plaintiff, the germane question is whether the actions alleged in the Amended Complaint—to wit, the fact that his insurance in 2016 and 2017 did not cover his gender dysphoria treatment—were carried out by the Commonwealth or the Department. Simply put, they were not, and as a result, the Plaintiff cannot state a claim against them under Title VII, the ADA, the Rehab Act, or the Affordable Care Act.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citation and quotation marks omitted). It is insufficient for a complaint to "tender[] naked assertion[s] devoid of further factual enhancement." *Id.* (citation and quotation marks omitted). Likewise, a complaint "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation and quotation marks omitted). Finally, "It is not, however, proper to assume that [a plaintiff] can prove facts it has not alleged[.]" *Associated General Contractors of California v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Plaintiff's Amended Complaint extensively documents the actions taken by Highmark (*see, e.g.,* Doc. 25, ¶¶ 17-30) and PEBTF (*id.* at ¶¶ 57-70), as well as the Plaintiff's "repeated unsuccessful efforts to ascertain coverage *from Highmark under the PEBTF Medical Plan* for the medically necessary treatment of gender dysphoria." *Id.* at Factual Background, Heading C (emphasis added); *see also id.* at ¶¶ 78-110. Notably absent from his Amended Complaint, however, are any allegations that the Commonwealth or the Department, specifically, were responsible for his inability to receive gender dysphoria treatment. While his employers provided health insurance coverage for the Plaintiff as a benefit of his employment, their so providing does not mean they are responsible for the fact that his insurance did not cover this treatment, absent any evidence that they were responsible for that exclusion. And the Amended Complaint does not set forth

4

sufficient facts to allow this Court to hold the Commonwealth or the Department responsible for the PEBTF or Highmark's actions. Indeed, the Amended Complaint demonstrates why the Commonwealth and the Department are *not* responsible for the actions alleged in the Amended Complaint. It is the PEBTF who "was created . . . for the purpose of providing employer-sponsored health plan, medical, and related benefits to employees of the Commonwealth." Doc. 25, ¶ 3. It was "the PEBTF Board of Trustees [who] determines the employer-sponsored health plan, medical, and related benefits of employees of the Commonwealth[.]" *Id.* at ¶ 4. It is not the Commonwealth or the Department, but rather, "Defendant PEBTF [that] provides benefits for, and Defendant PEBTF Board of Trustees [that] has and exercises authority to determine the availability, nature, and extent of benefits for[] more than 500 employees." *Id.* at ¶ 33. Given the paucity of allegations against the Plaintiff's employers, the Commonwealth and the Department, the Plaintiff has not pled sufficient factual matter against them to state a claim. They cannot be held responsible for any discriminatory actions undertaken by other entities, and should be dismissed from this action.

II. THE PLAINTIFF'S REMAINING CLAIMS UNDER THE PHRA AND THE PENNSYLVANIA CONSTITUTION AGAINST THE COMMONWEALTH AND THE DEPARTMENT ARE BARRED BY SOVEREIGN IMMUNITY.

While the Plaintiff purports to bring claims under the PHRA and the Pennsylvania Constitution against the Commonwealth and the Department, such

claims are barred by sovereign immunity. As such, those claims should also be dismissed. Under the Eleventh Amendment to the United States Constitution, states are immune from suit against their citizens. U.S. Const. amend. XI. Although this immunity may be abrogated by Congress or waived by a state, *see Lombardo v. Pennsylvania, Dep't of Pub. Welfare,* 540 F.3d 190, 195-96 (3d Cir. 2008) (citation omitted), it "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation and quotation marks omitted). Pennsylvania has not consented to suit by its citizens in federal court. 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). The Third Circuit has noted that this prevents individuals from suing under the PHRA in federal court. *See Patterson v. PA Office of Inspector Gen.,* 243 F. App'x. 695, 696 (3d Cir. 2007). Therefore, the PHRA claims against the Commonwealth and the Department must be dismissed.

The Plaintiff also brings claims under the Equal Rights Amendment and the Equal Protection Clauses to the Pennsylvania Constitution. Doc. 25, Counts XIII and XIV. However, for the reasons articulated *supra,* these state-law claims may not be brought against the Commonwealth (or the Department) in federal court. *See Scott v. Am. Bar Ass'n,* 652 F. Supp. 1419, 1421 (E.D. Pa. 1987) (noting that

plaintiff could not sue state officials in federal court under Equal Rights Amendment); *see also Roadcloud v. Pennsylvania Bd. of Prob. & Parole*, 2006 WL 83453, at *4 (E.D. Pa. Jan. 6, 2006) (holding that sovereign immunity barred claims under Equal Protection clause to Pennsylvania Constitution). And even if sovereign immunity did not bar these claims, the district courts in the Third Circuit have uniformly rejected the notion that a private cause of action exists for alleged violations of the Pennsylvania Constitution. *See Dietrich v. Mount Oliver Borough*, 2020 WL 955351, at *6 (W.D. Pa. Feb. 27, 2020) (collecting cases); *see also Jones v. City of Philadelphia,* 890 A.2d 1188, 1213-1215 (Pa. Cmwlth. 2006) (finding that there is no private cause of action for money damages under Pennsylvania Constitution). Therefore, no matter which way the Plaintiff attempts to package his state-law claims, they cannot lie against the Commonwealth or the Department, and the state-law claims against them should be dismissed.

## CONCLUSION

For all of these reasons, the Commonwealth and the Department respectfully request that this Honorable Court grant their motion to dismiss the amended complaint against them, with prejudice.

                                                **Respectfully submitted,**

                                                **JOSH SHAPIRO**
                                                **Attorney General**

                                      **By:**   *s/ Caleb Curtis Enerson*

| | |
|---|---|
| | **CALEB CURTIS ENERSON** |
| **Office of Attorney General** | **Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Attorney ID 313832** |
| **Harrisburg, PA 17120** | |
| **Phone: (717) 705-5774** | **KAREN M. ROMANO** |
| | **Chief Deputy Attorney General** |
| [cenerson@attorneygeneral.gov](mailto:cenerson@attorneygeneral.gov) | **Civil Litigation Section** |
| | |
| **Date: September 2, 2020** | **Counsel for Defendants** |
| | **Commonwealth of PA and DHS** |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE,** | : | No. 1:19-CV-2193 |
| **Plaintiff** | : | |
| | : | Judge Conner |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | Electronically Filed Document |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Caleb Curtis Enerson, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on the 2nd day of September, 2020, I caused to be served a true and correct copy of the foregoing document to all counsel of record via ECF.

    *s/ Caleb Curtis Enerson*
**CALEB CURTIS ENERSON**
Deputy Attorney General