# EXHIBIT A

Case 1:19-cv-02193-CCC   Document 43-1   Filed 09/02/20   Page 2 of 11
Dietrich v. Mount Oliver Borough, Slip Copy (2020)
2020 WL 955351

2020 WL 955351
Only the Westlaw citation
is currently available.
United States District
Court, W.D. Pennsylvania.

Edward DIETRICH, Plaintiff,
v.
MOUNT OLIVER BOROUGH
and Schaaf Excavating
Contractors, Inc., Defendants.

2:18-cv-01697-RJC
|
Signed 02/27/2020

**Attorneys and Law Firms**

Matthew S. Feinman, Law Offices of Matthew S. Feinman, Pittsburgh, PA, for Plaintiff.

Lisa M. Siefert, Goehring, Rutter & Boehm, Pittsburgh, PA, for Defendants.

## OPINION

Robert J. Colville, United States District Judge.

**\*1** Presently pending before the court is a Motion to Dismiss (ECF No. 22) filed by Defendant Mount Oliver Borough (hereinafter "the Borough" or "Defendant") in which the Borough argues that the Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow the motion will be granted in part and denied in part.

**I. Procedural History and Factual Allegations**

This action arises out of the demolition of Plaintiff Edward Dietrich's house after he failed to maintain his property while in prison. It was initiated with the filing of a Complaint ("Compl.") on December 21, 2018 (ECF No. 1) and names two defendants, the Borough and Schaaf Excavating Contractors, Inc. ("Schaaf"). Plaintiff was granted in forma pauperis status and is represented by counsel. On September 4, 2019, the Borough filed the pending motion. Schaaf failed to answer or otherwise respond to the complaint in a timely manner and on September 27, 2019, the Clerk of Court entered default as to defendant Schaaf. (ECF No. 25). Plaintiff failed to respond to the motion to dismiss, which necessitated the entry of an Order to Show Cause. (ECF No. 26). On December 9, 2019, Plaintiff filed a Response to the Order to Show Cause. (ECF No. 27). The court rejected Plaintiff's argument that he should be excused from responding to the merits of the motion. Leave to file a supplemental response was granted and Plaintiff filed a second response on December 17, 2019. (ECF No. 29). The matter is now ripe for consideration.

The allegations in the Complaint are as follows. Plaintiff purchased his property in the Borough in 1994 and resided there for over a decade prior to his conviction in 2005. (Compl. ¶ 8, 9). He was incarcerated from 2005 until June of 2017. (Compl. ¶ 9). The demolition, as carried out by Schaaf, occurred in March of 2017, prior to Plaintiff's release from prison. (Compl. ¶ 22).

As part of Mr. Dietrich's conviction, he was registered as a sex offender, limiting his possible residences to the property he already owned, or a property within an area permissible by law. (Compl. ¶10). While Mr. Dietrich was incarcerated, he fell behind on his property taxes and was notified of that fact by the Borough via correspondence. (Compl. ¶ 11). Mr. Dietrich was in regular communication with the Borough via letters sent to him at the prison from the time he was notified of his tax debt up until his release. (Compl. ¶ 12). While in communication with the Borough, he was assured that he could pay off his debts after he was released. (Compl. ¶ 13). None of the letters sent to Mr. Dietrich at the prison made any mention of plans to either (a) execute a tax lien on his property, (b) foreclose on his property, or (c) exercise eminent domain to condemn his property and claim it for public use. (Compl. ¶ 14). Plaintiff further alleges the Borough and Schaaf claimed that there was a hole in Mr. Dietrich's roof, mold, cracks in the foundation, and that a rear addition had collapsed; Plaintiff alleges that such observations could only have been made after trespassing onto his property. (Compl. ¶ 15, 16).

*2 No public notice was made regarding any condemnation or eminent domain proceedings for the Plaintiff's property. (Compl. ¶ 18). Plaintiff alleges that he had no opportunity to respond to the Borough's intent to have his property demolished. (Compl. ¶ 19). He further alleges the Borough has since claimed that the demolition was an exercise of their "police power," due to the "deplorable" condition of the property and that many other properties in the area are rundown, but no others have been demolished. (Compl. ¶ 20, 21). Plaintiff did not learn about the demolition until after his release from prison. (Compl. ¶ 23). Plaintiff alleges that because he can no longer live on the property, he has been denied Social Security benefits ("SSI"). (Compl. ¶ 25). The property is worth over $2,000 and he currently resides elsewhere, making it an investment property. (Compl. 26). Plaintiff has received no compensation from the Borough for the loss of his property, and such compensation was never offered at any point prior to demolition. (Compl. ¶28).

The Complaint contains seven counts. Counts I and II of the Complaint allege deprivation of constitutional rights under color of law pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges deprivation of property without due process under the Fifth (Count I) and Fourteenth (Count II) Amendments to the United States Constitution. Plaintiff further alleges deprivation of rights under Article I (Count III) and Article X (Count IV) of the Pennsylvania Constitution. In Count V Plaintiff alleges an eminent domain claim pursuant to 26 Pa. C.S.A. §§ 302 and 305. In Count VI plaintiff alleges trespass, in violation of 26 Pa. C.S.A. § 309 (b) and 18 Pa. C.S.A. § 3505. In Count VII plaintiff alleges loss of wages and income as a result of not being able to receive his SSI benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Standard of Review**
A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v.*

*Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (*quoting Twombly*, 550 U.S. at 556, 127 S.Ct. 1955) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp.*, 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

**\*3** 809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (internal citations omitted).

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that leave to amend a complaint or other pleading be "freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a)(2). "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court

must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

### III. Discussion

Plaintiff has brought his federal claim pursuant to 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. As the Supreme Court concluded in *Monell v. Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipalities are among those "persons" subject to suit via § 1983.

The first step for a Court to take in evaluating a claim brought under § 1983 is to "identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 841, n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). The federal rights invoked by the Plaintiff are based on § 1 of the Fourteenth Amendment, which provides:

> ... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST., AMEND. XIV, § 1. The Due Process Clause incorporates the Fifth Amendment's Takings Clause, making it binding on the States. *Palazzolo v. Rhode Island*, 533 U.S. 606, 611, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001). Therefore, the Takings Clause claim brought by the Plaintiff, like the claims based squarely on the Due Process clause, are grounded in the Fourteenth Amendment.

#### A. Monell Liability

Defendant argues there can be no *Monell* liability without a custom or policy which caused the alleged injury, and thus, plaintiff has failed to state a claim upon which relief can be granted. A municipality is liable under § 1983 only "when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 694, 98 S.Ct. 2018. A policy may be said to exist where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Similarly, a custom or practice is present when "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990). A plaintiff must establish a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

**\*4** As stated *supra,* when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. Here the plaintiff alleges that the Borough violated his constitutional rights "by moving forward without providing notice and demolishing said property as an assertion of its 'police powers'." (Complaint ¶ 2). Nowhere in the complaint is it alleged that the Borough was acting pursuant to a policy, or a custom or practice. In its motion the Borough states:

> 10. Plaintiff fails to plead facts to permit a finding of liability against the Borough for his § 1983 [sic] pursuant to the standard set forth in *Monell v. Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1987); Plaintiff's Complaint contains no allegations concerning a specific Borough policy or custom, whose execution caused his alleged injuries.

ECF No. 22 at ¶ 10. In his second Response to the Motion to Dismiss (ECF No. 29), plaintiff admits [1] as much:

> 10. Denied. The Borough did not follow any policy or custom. Instead, it decided to demolish a house without notice to the owner. These actions cannot be allowed to occur simply because there may not be a corresponding policy outlawing it.

Case law construing *Monell* makes it clear that a single act by an agency head can define agency policy or custom and establish institutional civil rights liability. "[I]t is plain that municipal liability may be imposed for

a single decision by municipal policymakers under appropriate circumstances." *Pembaur*, 475 U.S. at 480, 106 S.Ct. 1292. In this setting institutional liability attaches whenever the decisionmaker possesses final authority to establish policy with respect to the action ordered. *Id.* at 481, 106 S.Ct. 1292. "Accordingly, proof that a[n agency's] authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the [agency] acted culpably. Similarly, the conclusion that the action taken or directed by the ... authorized decisionmaker itself violates federal law will also determine that the [agency] action was the moving force behind the injury of which the plaintiff complains." *Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Here, the Complaint fails to allege with specificity facts to support an allegation that a municipal policymaker or decisionmaker exposed the Borough to institutional civil rights liability. Accordingly, the motion to dismiss will be granted in this regard and leave to amend will be granted.

### B. Counts I: Fifth Amendment

Count I alleges a claim of violations of the Takings Clause of the Fifth Amendment, which provides: "... nor shall private property be taken for public use without just compensation." It applies to the states as well as the federal government. *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 239, 241, 17 S.Ct. 581, 41 L.Ed. 979 (1897); *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980)." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 307, n.1, 122 S. Ct. 1465, 1470, 152 L.Ed. 2d 517 (2002).

The defendant has moved to dismiss this claim, arguing Plaintiff is required as a matter of law to exhaust his state court remedies seeking just compensation prior to bringing a Takings Clause claim in federal court.[2] This is no longer good law. The cases cited by Defendant in support of this argument rely on *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 194-96, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), and Defendant is correct that for many years, federal courts frequently rejected procedural due process claims made by plaintiffs alleging violations of the Takings Clause who have not fully availed themselves of their existing potential remedies under state law. *See, e.g., Giuliani v. Springfield Twp.*, 238 F. Supp. 3d 670, 692 (E.D. Pa. 2017), *aff'd*, 726 F. App'x 118 (3d Cir. 2018); *Sixth Angel Shepherd Rescue Inc. v. West,* 790 F. Supp. 2d 339, 358 (E.D. Pa. 2011), *aff'd,* 477 F. App'x 903 (3d Cir. 2012). Therefore, when the "Plaintiffs did not avail themselves of the procedural protections available under Pennsylvania law, they cannot sustain a federal procedural due process claim." *McLaughlin v. Forty Fort Borough*, 64 F. Supp. 3d 631, 647 (M.D. Pa. 2014).

**\*5** The United States Supreme Court has recently held that the plaintiff property owner had an actionable Fifth Amendment claim under the Takings Clause when the government took his property without paying for it, and could bring the claims in federal court under

§ 1983 at that time. *Knick v. Township of Scott*, ––– U.S. ––––, 139 S.Ct. 2162, 204 L.Ed.2d 558 (2019). The Court held that the property owner need not first seek just compensation under state law in state court and wait until the state court has denied his claim for just compensation to seek relief in federal court under § 1983. The Supreme Court held the state-litigation requirement to seeking relief in federal court with respect to a § 1983 claim under the Takings Clause imposes an "unjustifiable burden on takings plaintiffs [and] conflicts with the rest of our takings jurisprudence, and must be overruled." *Knick*, 139 S.Ct. at 2167. While this does not require that the government furnish such just compensation as required by the Fifth Amendment in advance of a taking, it does allow a property owner who has suffered such a taking without just compensation to "bring his claim in federal court under § 1983 at that time." *Id.* at 2168. This means that "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it." *Id.* at 2170.

In light of this recent decision, the motion to dismiss the claim under the Takings Clause at Count I is denied to the extent it relies on the state-litigation requirement.

Defendant further argues the Takings Clause claim should be dismissed because the demolition of Plaintiff's property was a valid exercise of its police power and therefore not compensable. At this state of the litigation, however, we must accept the allegations in the complaint as true. We recognize that "[a] municipality may, in the exercise of its police power, without compensation destroy a building or structure that is a menace to the public safety or welfare, or require the owner to demolish the dangerous piece of property." *In re 106 N. Walnut, LLC*, 447 F. App'x 305, 309 (3d Cir. 2011). Second, "[a] property owner is only entitled to recover, however, if the government action 'deprived [him] of all or substantially all of the beneficial use' of the property." *Id.* at 308.

Here, Plaintiff's complaint alleges Defendant claimed to be exercising its "police power," putting the term in quotation marks. Even though the Complaint alleges he was later told the condition of the destroyed house was a public safety concern, and Plaintiff acknowledges that Defendant stated it was exercising its police power, Plaintiff does not admit to these facts. Defendant's defense may be revisited upon the completion of discovery. At this juncture, however, without any record evidence, the motion to dismiss is denied to the extent it relies on the defendant's exercise of its lawful police powers.

### C. Count II: Fourteenth Amendment

Count II alleges a claim for violations of the Fourteenth Amendment. Plaintiff appears to state a due process claim for procedural due process violations, rather than substantive due process; he alleges he had no opportunity to raise objections to the planned demolition. Complaint ¶ 47. To state a § 1983 procedural due process claim, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or

property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (internal quotation marks omitted). Plaintiff must therefore allege "that state actors deprived him of property to which he had a legitimate claim of entitlement without the process he deserved." *Gale v. Storti*, 608 F. Supp. 2d 629, 634 (E.D. Pa. 2009) (citing *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)).

The Defendant's arguments in support of dismissal of this claim overlaps with its argument with respect to the now-overruled state litigation requirement and question of whether Defendant was in fact exercising its police powers. At this juncture in the litigation, we will deny the motion to dismiss as to Count II and permit further pursuit of the claim through discovery.

### D. Count III and IV: Articles I and X of the Pennsylvania Constitution

*\*6* Defendant moves to dismiss Counts III and IV on the grounds that private causes of action for damages due to alleged violations of the Pennsylvania Constitution do not exist. This argument is well-founded. Federal courts in this Circuit have considered the issue and have consistently held that no such private cause of action exists. *Weber v. PNC Investments LLC*, 2020 WL 563330 *14, C.A. 19-704 (W.D. Pa. February 5, 2020); *Karash v. Machachek*, 2016 WL 9777148, C.A. 1:15-cv-0028 (W.D. Pa. March 31, 2016) (citing *Ryan v. General Machine Products*, 277 F.Supp.2d 585, 595 (E.D. Pa. 2003)); *Douris v. Schweiker*, 229 F.Supp.2d 391, 405 (E.D. Pa. 2002); *Lees v. West Greene School Dist.*, 632 F.Supp. 1327, 1335 (W.D. Pa. 1986). Moreover, our Court of Appeals has held that plaintiffs cannot remedy state constitutional harms using § 1983. *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 186 (3d Cir. 2009).

For this reason, the motion to dismiss is granted as to Counts III and IV and Counts III and IV will be dismissed with prejudice, as any amendment thereto would be futile.

### E. Count V: Eminent Domain

Defendant moves to dismiss Count V, which alleges it failed to file a declaration of taking and failed to notify Plaintiff condemnee, in violation of the inverse condemnation procedures in its Eminent Domain Code discussed *supra*. See 26 Pa. C.S.A. § 101 *et seq.* The Pennsylvania Eminent Domain Code expressly states that it provides "a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages." 26 Pa. C.S.A. § 102(a). The provisions of Pennsylvania's Eminent Domain Code provide that a condemnee is entitled to just compensation when his property has been taken, injured, or destroyed. See 26 Pa. C.S.A. § 701. The Code also provides a procedure by which a property owner may pursue relief for the taking of his property. See Pa. C.S.A. § 502. Through this procedure, a landowner may request the appointment of viewers to declare that a taking has occurred and to ascertain just compensation. See 26 Pa. C.S.A. § 502(c).

Here, Plaintiff does not allege he pursued his takings claim using the procedure provided under Pennsylvania law. Nor does he allege that he was denied just compensation through that procedure. Plaintiff admits he still holds title to the lot. (Compl. ¶ 26, 90). Defendant denies that its conduct constituted an exercise of its eminent domain powers to affect a taking of Plaintiff's property. No record has been developed and supplemental briefing on this issue may be necessary before the claim is dismissed. At this juncture in the litigation, and viewing the factual allegations in the complaint in a light most favorable to Plaintiff, and in the absence of any evidence of record to illuminate the procedural and substantive conduct through which the Plaintiff's house was razed, we will deny the motion to dismiss.

### F. Count VI: Trespass PSTCA Immunity

Defendant further argues for dismissal of Count VI, which alleges trespass, on the grounds it is exempt from criminal prosecution, as well as generally immune from intentional tort claims under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541, et seq.[3] In response Plaintiff provides scant argument to the contrary, and states that "Plaintiff is not seeking criminal prosecution[4] of the Defendant Mt. Oliver for its trespass and unlawful entry. He is merely seeking to prove that the Defendants acted unlawfully in furtherance of their takings described above." (ECF No. 29 at ¶ 21). We therefore construe the Plaintiff's response as a voluntary withdrawal of a separate cause of action for trespass, and will grant the motion to dismiss with prejudice.

### G. Count VII: Wage Loss Claim

*7 Defendant's motion further seeks dismissal of Count VII, entitled "Wage Loss Claim" because this fails to state a claim upon which relief can be granted, there existing no such claim under the law. (ECF No. 22 at ¶22). In his response, Plaintiff's counsel has admitted this. (ECF No. 29 at ¶22). Therefore, Count VII of the Complaint will be dismissed with prejudice.

### H. Count VIII: Punitive Damages

Defendant has moved to dismiss Count VIII, which alleges a claim for punitive damages, on the grounds that punitive damages are not available against municipal entities unless expressly authorized by statute. Plaintiff objects to dismissal of such a request for relief because he has sought punitive damages from non-movant defendant, Schaaf Excavating Contractors, Inc., against whom default has been entered. Plaintiff has not opposed the motion to dismiss as to Defendant Borough of Mt. Oliver, movant. Given this response, and also given the fact that it is well-established that "a municipality is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the motion to dismiss is granted with prejudice as to Count VIII as to defendant Mount Oliver Borough.

### IV. Conclusion

For the reasons stated herein, the motion to dismiss is granted in part and denied in part. Leave to amend will be granted and plaintiff may file an amended complaint if he wishes

to attempt to cure the pleading deficiencies identified herein.

An appropriate order follows.

**All Citations**

Slip Copy, 2020 WL 955351

## Footnotes

1  Plaintiff's Response to the Motion to Dismiss [29] appears in the form of paragraph by paragraph admissions/ denials. This is in direct contravention of the Standing Order entered on December 26, 2018 (ECF No. 4) at ¶2: "A ***brief shall also be filed*** with the response to each substantive motion."

2  Whether the conduct of Defendant constitutes a "taking of private property for public use" has not been argued and we express no opinion in that regard at this juncture.

3  The statutory waiver of sovereign immunity contained in 42 Pa. Cons. Stat. § 8522(b) extends only to cases involving the following nine categories: (1) vehicle liability; (2) medical-professional liability; (3) the care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. Cons. Stat. § 8522(b)(1)-(9).

4  This despite the fact that Plaintiff cites to the state criminal code in the Complaint at ¶¶ 79, 80, 85, and 87.

---

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.