# EXHIBIT B

Case 1:19-cv-02193-CCC Document 44 Filed 09/02/20 Page 2 of 11
Roadcloud v. Pennsylvania Bd. of Probation and Parole, Not Reported in F.Supp.2d...
2006 WL 83453

KeyCite Yellow Flag - Negative Treatment
Distinguished by Russ-Tobias v. Pennsylvania Board of Probation and Parole, E.D.Pa., March 2, 2006

2006 WL 83453
Only the Westlaw citation
is currently available.
United States District Court,
E.D. Pennsylvania.

Victoria ROADCLOUD, et al.
v.
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.

No. 05-3787.
|
Jan. 6, 2006.

**Attorneys and Law Firms**

Robert J. Sugarman, Philadelphia, PA, for Victoria Roadcloud, Henry Williams, Carmen Clemente, Martha Holman and Dionne Drayton.

Randall J. Henzes, Kevin R. Bradford, Office of the Attorney General, Philadelphia, PA, for Pennsylvania Board of Probation & Parole, Gary Scicchatano, Maria Marcinko, Willie Jones and Mark Weinstein.

Jodeen M. Hobbs, Miller, Alfano & Raspani, P.C., Philadelphia, PA, for Pennsylvania Board of Probation & Parole, Gary Scicchatano, Maria Marcinko, Willie Jones, Mark Weinstein and Daniel Solla.

Gino J. Benedetti, Joshua E. Scarpello, Miller Alfano & Raspanti PC, Philadelphia, PA, for Daniel Solla.

*MEMORANDUM AND ORDER*

KAUFFMAN, J.

**\*1** Plaintiffs Victoria Roadcloud ("Roadcloud"), Henry Williams ("Williams"), Carmen Clemente ("Clemente"), Martha Holman ("Holman") and Dianne Drayton ("Drayton") (collectively, "Plaintiffs") bring this action for violations of 42 U.S.C. § 1983 ("§ 1983") (Count One), 42 U.S.C. § 1981 ("§ 1981") (Count Two), and Article I, § 26 of the Pennsylvania Constitution (Count Six) [1] against Defendants Pennsylvania Board of Probation and Parole ("the Board"), Gary Scicchatano ("Scicchatano"), Maria Marcinko ("Marcinko"), Willie Jones ("Jones"), Daniel Solla ("Solla") and Mark Weinstein ("Weinstein") (collectively "Defendants").[2] Now before the Court are three Motions to Dismiss: (1) by the Board, (2) by Scicchatano, Marcinko, Jones and Weinstein, and (3) by Solla. For the reasons that follow the Motions will be granted.

I. BACKGROUND

Accepting for purposes of the Motions to Dismiss the truth of the allegations in the Complaint, the relevant facts are as follows. Plaintiffs are current and former employees of the Board and are all either African-American or Hispanic. Complaint ¶ 12. The Board is an agency of the Commonwealth of Pennsylvania. Defendants Scicchatano, Marcinko, Jones, Weinstein and Solla hold various managerial/supervisory positions with the Board. Id. ¶¶ 7-11. The

gravamen of the Complaint is that beginning in 1998, Defendants engaged in a pattern of racial discrimination against Plaintiffs, including disparate treatment, retaliation, and the creation of "a sham investigative group entitled 'Office of Professional Responsibility.' " *See Id.* ¶¶ 13-26.

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox. Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

## III. ANALYSIS

A. The § 1981 claims

Plaintiffs have brought claims under § 1981 against all Defendants. Section 1981, as amended, provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

42 U.S.C. § 1981. Defendants are not at this stage of the proceeding challenging whether the conduct Plaintiffs have alleged constitutes a violation of § 1981; rather, their contention is that there is no private right of action under § 1981. They base their argument mainly on *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

**\*2** The plaintiff in *Jett,* like Plaintiffs here, asserted a claim under § 1981. Recognizing that the language of § 1981 does not establish a cause of action, the plaintiff in *Jett* argued that the Supreme Court should "create or imply" one. The Court declined on the grounds that doing so would contravene Congress' intention that "the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violations of the rights declared in § 1981." [3] *Jett,* 491 U.S. at 731. Accordingly, the Court held "that the express 'action at law' provided by § 1983 ... provides the exclusive federal damages remedy for the violation of the rights

Case 1:19-cv-02193-CCC   Document 44   Filed 09/02/20   Page 4 of 11
Roadcloud v. Pennsylvania Bd. of Probation and Parole, Not Reported in F.Supp.2d...
2006 WL 83453

guaranteed by § 1981 when the claim is pressed against a state actor." *Id.* at 736.

Defendants read *Jett* to require the dismissal of Plaintiffs' § 1981 claims. Plaintiffs offer two arguments to the contrary:

1. *The § 1981 Claim against the Board*

Plaintiffs seek to salvage their § 1981 claim against the Board with a narrow reading of *Jett:* that the Court's holding was limited to defendants who could be reached by § 1983. Essentially, Plaintiff's argument is that *Jett* is distinguishable from the facts in this case. The defendants in *Jett,* a school district and a school principle, were indisputably subject to suit under § 1983. *See Monell v. New York City Dept. Of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In contrast, the Board, as a state agency, is not. *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

That distinction matters, Plaintiffs argue, because the *Jett* Court's holding was premised on the availability of a remedy under § 1983. The Court declined to imply a remedy under § 1981 out of deference to Congress' intention that § 1983 serve as the remedy for violations of § 1981. That logic, Plaintiffs argue, applies only so long as the defendants in question are susceptible to suit under § 1983. Where, as in this case, the defendant is not subject to suit under § 1983, there should be no bar to implying a cause of action, since doing so would not undermine Congressional intent. Plaintiffs would thus read *Jett* as holding that there is no cause of action under § 1981 against defendants subject to a § 1983 suit. Where, however, the entity alleged to have violated rights protected under § 1981 is not susceptible to suit under § 1983, a cause of action under § 1981 should be implied.

This reading of *Jett* does not survive scrutiny. First, the language the Court employed suggests that its holding was meant to reach state governments, not merely individuals acting under color of state law. *Jett,* 491 U.S. at 733 ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by *state governmental units* [.]") (emphasis added).

Second, the principle behind the *Jett* decision is deference to Congressional intent: Congress created § 1983 as a remedy for violations of § 1981 and the *Jett* Court was guided by the need to avoid implying a cause of action that would replace or alter that remedy. Thus, in assessing Plaintiffs' argument that *Jett* does not preclude the implication of a cause of action against state governments under § 1981, the central consideration is whether such a cause of action would be consistent with Congressional intent. Plaintiffs' argument that a cause of action under § 1981 may be implied assumes that Congress was indifferent to the liability of state governments when it adopted § 1983.

**\*3** That is an erroneous assumption. In addition to deciding who would be liable under § 1983, Congress also decided who would not. Thus, when it enacted § 1983, Congress made the deliberate choice to exclude state governments and their agencies from liability. *Will,* 491 U.S. at 66. To the extent that Congress understood § 1983 as a means of enforcing § 1981, implying a cause of action under § 1981, as Plaintiffs urge, would be tantamount to ignoring that Congressional choice. That is something this Court must not do. *Jett,* 491 U.S. at 732 ("[W]hatever the limits of the judicial power to imply or create remedies, it has long been the law that such power should not be exercised in the face of an express decision by Congress concerning the scope of remedies available under a particular statute."). Neither the language nor the reasoning in *Jett* supports Plaintiffs' narrow reading. Accordingly, the Court concludes that Plaintiffs lack a cause of action against the Board.[4]

### 2. *The § 1981 Claims against the Individual Defendants*

Plaintiffs concede that *Jett* does apply to the individual defendants because they are subject to suit under § 1983. They argue, however, that *Jett* has now been overruled by the 1991 amendments to the Civil Rights Act (the "1991 Amendments"), which, Plaintiffs contend, created a cause of action under § 1981.

Courts are divided as to the effect of the 1991 Amendments. At present, there is a conflict both among the circuits and courts in this district. The Third Circuit has not yet ruled on this issue.[5] However, this Court has held that the 1991 Amendments did not overrule *Jett,* and that § 1983 remains the exclusive remedy for violations of § 1981 by a state actor. *See Carlton v. City of Philadelphia,* 2004 WL 633279, at \*5 (E.D.Pa. Mar.30, 2004) (Kauffman, J.). Accordingly, Plaintiffs' § 1981 claims will be merged with their § 1983 claims.

### B. The § 1983 Claims

Plaintiffs concede that in light of *Will,* their § 1983 claim against the Board must be dismissed. *See Will,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (holding that § 1983 does not provide a cause of action against state governments and their agencies).

Plaintiffs also concede that only Plaintiffs Clemente and Drayton have § 1983 claims against Solla. *See* Brief in Opposition to Motion to Dismiss at 14. The § 1983 claims against Solla by Plaintiffs Roadcloud, Holman, and Williams will therefore also be dismissed.

Finally, Scicchatano, Marcinko, Jones and Weinstein argue that Williams' § 1983 claim against them is barred by the applicable statute of limitations. The statute of limitations period governing a § 1983 claim is determined by reference to the limitations period for a personal injury action in the forum state. *Wilson v. Garcia,* 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Accordingly, in this case, the applicable statute of limitations period is two years. *See* 42 Pa. Cons.Stat. § 5524; *Garving v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir.2003).

**\*4** The two-year statute of limitations for Williams' claim, which alleges constructive discharge, began to run in 1998, when he left employment at the Board. *See Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir.1991) (holding that a § 1983 cause of action accrues on the date when a plaintiff knew or should have known his or her rights had been violated). However, Williams did not file the present action until May 2005, well after the two year period had expired. His § 1983 claims are therefore time-barred and will be dismissed. [6]

C. The Pennsylvania Equal Protection Claim

Defendants contend that sovereign immunity protects them from Plaintiffs' Equal Protection Claim under the Pennsylvania Constitution. 1 Pa., Cons.Stat. § 2310 and 42 Pa. Cons.Stat. § 8521 together grant immunity to "the Commonwealth, and its officials and employees acting within the scope of their duties[.]" That immunity has been found to apply equally to claims like Plaintiffs' based on violations of the Pennsylvania Constitution. *See Faust v. Commonwealth of Pennsylvania,* 140 Pa.Cmwlth. 389, 592 A.2d 835, 839-40 (Pa.Commw.Ct.1991); *L.H. v. Evanko,* 2001 WL 605214, at \*4 (E.D.Pa. May 5, 2001) (holding that sovereign immunity statutes bar claims based on Pennsylvania constitutional violations absent waiver under Pennsylvania law); *Robinson v. Ridge,* 996 F.Supp. 447, 449 (E.D.Pa.1997). [7] Accordingly, the Court finds that Defendants are immune from Plaintiffs' equal protection claims.

IV. CONCLUSION

For the foregoing reasons, Count Two will be merged into Count One. Count One will be dismissed with prejudice as to the Board. The § 1983 claims by Roadcloud and Holman against Solla in Count One will be dismissed without prejudice and the § 1983 claims by Williams will be dismissed with prejudice. Finally, Count Six will be dismissed with prejudice as to all Defendants. An appropriate Order follows.

*ORDER*

AND NOW, this 6th day of January, 2006, upon consideration of Defendants' Motions to Dismiss the Amended Complaint (docket nos. 4, 5, and 6), and for the reasons stated in the accompanying Memorandum, it is ORDERED that the Motions are GRANTED. It is FURTHER ORDERED that:

(1) Count Two is MERGED into Count One;

(2) Count One is DISMISSED WITH PREJUDICE as to the Pennsylvania Board of Probation and Parole;

(3) The claims of Plaintiffs Victoria Roadcloud and Martha Holman under Count One against Defendant Daniel Solla are DISMISSED WITHOUT PREJUDICE;

(4) The claims of Plaintiff Henry Williams under Count One are DISMISSED WITH PREJUDICE;

(5) Count Six is DISMISSED WITH PREJUDICE. [8]

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 83453

## Footnotes

1    The Complaint omits Counts Three, Four, and Five.

2    The Complaint is silent as to whether Plaintiffs are suing Scicchatano, Marcinko, Jones, Solla, Weinstein in their individual or official capacities. For the purpose of this opinion, the Court will assume Plaintiffs intended the former. In any event, claims against the individual defendants in their official capacities would be governed by the Court's analysis of Plaintiffs' claims against the Board.

3    *42 U.S.C. § 1983* provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

4    The same analysis would apply to any *§ 1981* claims Plaintiffs are asserting against the individual defendants in their official capacities.

5    The Ninth Circuit has held that the 1991 Amendments create an implied right of action against state actors under *§ 1981*. *Federation of African American Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir.1996). The Fourth and Eleventh Circuits have held that *§ 1983* remains the exclusive remedy for violations of *§ 1981* by state actors. *Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir.1995); *Johnson v. City of Fort Lauderdale,* 903 F.Supp. 1520 (S.D.Fla.1995), *aff'd* 114 F.3d 1089 (11th Cir.1997). District courts within the Eastern District of Pennsylvania are divided on this issue. *See Poli v. SEPTA,*

|   |   |
|---|---|
|   | [1998 WL 405052, at \*12 (E.D.Pa. July 7, 1998)](#) (following the holding in *Jett* that [§ 1983](#) is the exclusive remedy for violations of [§ 1981](#)); *Watkins v. Penn. Bd. of Probation and Parole,* 2002 U.S. Dist. LEXIS 23504 (E.D.Pa. Nov. 25, 2002) (adopting the Ninth Circuit's view that there is a private right of action under [§ 1981](#)). |
| 6 | Williams argues that the statute of limitations should be tolled under [42 Pa. Cons.Stat. § 5103(b).](#) However, that provision applies only to a state-law cause of action that a federal court has declined to hear under the doctrine of pendant jurisdiction, which is manifestly not the case here. See [*Commonwealth v. Lambert,* 765 A.2d 306 (Pa.Super.Ct.2000)](#). |
| 7 | Plaintiffs contend that the Pennsylvania sovereign immunity statute does not apply to their constitutional claim, in support of which they cite *Jones v. City of Philadelphia,* 68 Pa. D. & C. 4th 47 (2004). However, *Jones* deals with the sovereign immunity of Pennsylvania municipalities under [42 Pa. Cons.Stat. § 8541](#). At issue here is the Commonwealth's sovereign immunity, which is governed by a different provision, [42 Pa. Cons.Stat. § 8521](#). The analysis in *Jones* is therefore inapposite. |
| 8 | The Complaint omits Counts Three, Four, and Five |

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

243 Fed.Appx. 695
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Third Circuit LAR, App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)
United States Court of Appeals, Third Circuit.

Stacy Ann PATTERSON, Appellant
v.
PA OFFICE OF
INSPECTOR GENERAL.

No. 06–4233.
|
Submitted Under Third Circuit LAR 34.1(a) April 2, 2007.
|
Filed June 15, 2007.

**Synopsis**
**Background:** State government employee filed action alleging Pennsylvania Office of Inspector General (OIG) discriminated against her in violation of the Pennsylvania Human Relations Act (PHRA). The United States District Court for the Middle District of Pennsylvania, 2006 WL 2460878, Malachy E. Mannion, United States Magistrate Judge, granted employer's motion to dismiss. Employee appealed.

The Court of Appeals held that Eleventh Amendment barred suit in federal court by employee against OIG for alleged violations of PHRA.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

*695 On Appeal From the United States District Court For the Middle District of Pennsylvania (D.C.Civ. No. 05–cv–02549), Magistrate Judge: Honorable Malachy E. Mannion.

**Attorneys and Law Firms**

Stacy Ann Patterson, Enola, PA, pro se.

Calvin R. Koons, Office of Attorney General of Pennsylvania Strawberry Square, Harrisburg, PA, for PA Office of Inspector General.

BEFORE: BARRY, CHAGARES and ROTH, Circuit Judges.

OPINION

PER CURIAM.

**\*\*1** Appellant Stacy Ann Patterson filed a civil complaint in United States District Court for the Middle District of Pennsylvania in which she claimed that her employer, the Pennsylvania Office of Inspector General ("OIG"), discriminated against her, by denying her training, in violation of the Pennsylvania

Human Relations Act ("PHRA"), 43 Pa. Cons.Stat. Ann. §§ 951–963. Patterson was hired on January 18, 2000 as an Information Technology Technician. Because the original filing did not state a basis for federal jurisdiction, the OIG filed a motion for a more definite statement, asking Patterson to clarify whether her claim of discrimination was brought under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e–17, the PHRA, Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., or some other law.

The motion was granted and Patterson was directed to file an amended complaint. **\*696** She then filed an item consisting of 196 numbered paragraphs, App. 33–51, which we will refer to as the amended complaint, in which she indicated at ¶¶ 186–88 and 191 that she was discriminated against in violation of § 5 of the Pennsylvania Human Relations Act on account of her perceived disabilities of Hydrocephalus, Epilepsy, and Post–Concussion Syndrome. At ¶¶ 121–23, Patterson described a sexual relationship with her supervisor, and at ¶ 136, she stated that he had threatened to discipline her for unsatisfactory performance, but there was no mention of Title VII itself.

The OIG moved to dismiss the amended complaint on the basis of the Eleventh Amendment, a motion which Patterson opposed in writing. Her written opposition did not, however, address the OIG's immunity argument. In an order entered on August 23, 2006, 2006 WL 2460878, the Magistrate Judge dismissed the amended complaint under Federal Rule of Civil Procedure 12(b)(6), reasoning that a suit against the OIG for violating the state Human Relations Act was barred by the Eleventh Amendment.[1] Patterson appeals.

We will affirm. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000). The Eleventh Amendment precludes suits against a state in federal court by citizens of that state or other states. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). A state may consent to a suit against it in federal court and thereby waive its immunity, but Pennsylvania has not done so, having specifically withheld consent, 42 Pa. Cons.Stat. Ann. § 8521(b). Therefore, Patterson's suit against the OIG under the state Human Relations Act may only be brought in state court. See Mansfield State College v. Kovich, 46 Pa.Cmwlth. 399, 407 A.2d 1387, 1388 (1979).

Patterson has argued in her brief on appeal that Congress abrogated the states' Eleventh Amendment immunity in passing Title VII of the Civil Rights Act, and that the Magistrate Judge should have allowed her to amend her complaint to "more fully explain the discriminatory pattern due to her gender and perceived disability." (Appellant's Brief, at 25.) However, a suit under Title I of the Americans with Disabilities Act would also have been barred by the Eleventh Amendment. See Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). In addition, although it is true that Congress abrogated the states' Eleventh Amendment immunity in passing Title VII,

*see* *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), Patterson was not prevented from amending her complaint as of right under Federal Rule of Civil Procedure 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."), in response to the OIG's motion to dismiss if it was in fact her intention to pursue a Title VII claim for gender discrimination, 42 U.S.C. § 2000e–2(a)(1), based on an incident or incidents of sexual harassment.

**\*\*2** We will affirm the order of the District Court dismissing the amended complaint.

**All Citations**

243 Fed.Appx. 695, 2007 WL 1720833

## Footnotes

1   The parties consented to proceed before a Magistrate Judge, 28 U.S.C. § 636(c)(1).